553 P.2d 1228

**LEE WAY MOTOR FREIGHT, INC., and Transport Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Floyd L. Biddlecome, Respondent Employee.**

**No. I CA–IC 1392.**

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 5, 1976.

————◆————

Lewis & Roca by Merton E. Marks, R. Kent Klein, Steven R. Lee, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Ariz.

Harlan J. Crossman, Phoenix, for respondent Employee.

OPINION

HAIRE, Chief Judge, Division 1.

On this review of an award entered by the respondent Commission in a Workmen's compensation proceeding, we are required to determine whether the failure of the claimant's treating physician to obtain advance authorization for consultation with a neurologist and a psychiatrist defeats the claimant's right to these medical benefits, together with hospitalization incidental thereto. The Commission's hearing officer awarded these medical and hospital benefits to the claimant, and the sole issue presented on review concerns the effect to be given to Instruction 10, General Information and Instructions, Medical Fee Schedule for Physicians of the Industrial Commission,[1] which reads as follows:

"10. Consultation must be authorized, except in emergencies, and consultant must render his own report."

The hearing officer expressly found that claimant's treating physician did not obtain prior authorization from the insurance carrier for the hospitalization and the consultations involved. In addition, there were findings that the purpose of the hospitalization was "for further tests and for a neurological and psychiatric consultation", and that "such hospitalization was reasonably necessary and related to [claimant's] industrial injuries."

Insofar as concerns the failure of claimant's physician to comply with Instruction 10, *supra*, the hearing officer found that:

" . . . said instructions are directory only and are not mandatory and are between the Industrial Commission and the particular physician involved and the applicant cannot be prejudiced from receiv-

1. See Commission Resolution dated April 25, 1974.

ing workmen's compensation benefits to which he is entitled for the failure of his physician to comply with the directory instructions to the physician."

The question, as presented to us by the petitioning insurance carrier is as follows:

"Where the Industrial Commission has duly adopted rules and regulations, pursuant to its statutory authority, for the administration of workmen's compensation claims, are these rules binding on physicians as well as all other parties to claims proceedings and was it reversible error for the Commission to disregard such rules?"

Inherent in this question is the assumption that Instruction 10 is a rule or regulation which has been duly adopted by the respondent Commission.

In response the claimant argues that the general instructions to physicians contained in the medical fee schedule do not constitute rules or regulations adopted by the respondent Commission. Although somewhat confusing, the essence of claimant's argument in this regard appears to be that when the Industrial Commission adopted its resolution giving rise to the medical fee schedule pursuant to A.R.S. § 23–908 B,[2] the limit of its statutory power was to fix fees, and that under the guise of a fee schedule it could not impose conditions upon a claimant's otherwise existing statutory right to medical benefits. From this premise the argument is then made that the instructions were intended to be directory only and suggestive to the physicians rather than mandatory. To the limited extent hereinafter set forth, we agree with

the claimant that Instruction 10 cannot be enforced as a rule or regulation adopted by the respondent Commission.

Initially, we note that the respondent Commission's rulemaking powers do not rest solely on the provisions of A.R.S. § 23–908 B, as might be inferred from claimant's arguments. Additional rulemaking authority may be found in the provisions of A.R.S. §§ 23–107 A, 23–108.03 B(1), and 23–921 B. However, regardless of which statute gives rise to the Commission's rulemaking power, whenever any proposed rule falls within the definition set forth in A.R.S. § 41–1001(7)[3] the rule must be enacted in accordance with the provisions of the Administrative Procedure Act (A.R.S. § 41–1001 et seq.), and thereafter certified and filed with the Secretary of State. In our opinion the subject matter of Instruction 10 clearly falls within § 41–1001(7)'s rule . definition. Notwithstanding this fact, it has not been certified and filed with the Secretary of State.

While it might be argued that because of the provisions of § 41–1004 B[4] the fee schedule itself would be exempt from such filings, we do not believe that such assumed exemption could be expanded so as to include a provision such as Instruction 10. That instruction does not purport to designate the amount of the fees which can be charged by a consultant or even the procedure by which he submits his claim, but rather regulates the conditions under which his services can be utilized by a claimant as a medical benefit under the workmen's compensation law. As such, we do not believe that it can arguably be con-

---

2. A.R.S. § 23–908 B provides:
  "B. The commission shall fix a schedule of fees to be charged by physicians attending injured employees, which shall be reviewed annually by the commission."

3. A.R.S. § 41–1001(7) provides:
  "7. 'Rule' means each agency statement of general applicability that implements, interprets or prescribes law or policy, or describes the organization, procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but

does not include statements concerning only the internal management of any agency and not affecting private rights or procedures available to the public, or declaratory rulings issued pursuant to § 41–1007 or intra-agency memoranda."

4. A.R.S. § 41–1004 B provides in part:
  "B. Nothing in this article shall be construed to require filing with the secretary of state any rule which establishes or fixes rates, prices or tariffs . . . ."

sidered as a "rule which establishes or fixes rates, prices or tariffs" so as to come within the exemption established by § 41–1004 B.

In summary, we conclude that Instruction 10 constitutes a non-exempt rule which comes within the definition contained in A.R.S. § 41–1001(7). Because of the failure of the Commission to comply with the requirements of the Administrative Procedure Act, that rule cannot presently be enforced so as to deprive claimant of the medical benefits here involved. Having reached this conclusion, we need not consider the question of whether, if properly enacted and filed, such a rule would be substantively valid, nor what the consequences might be upon violation thereof, assuming substantive validity.

The award is affirmed.

EUBANK, P. J., and NELSON, J., concur.